**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **SONIA NICOLE JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | **CIVIL ACTION NO. 3:19-CV-204** |
| **d/b/a WALMART SUPERCENTER** | § | |
| **#3572,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Wal-Mart Stores Texas, LLC ("Defendant" or "Walmart") hereby removes the above-captioned action filed by Plaintiff Sonia Nicole Jones ("Plaintiff") from the 149th Judicial District Court, Brazoria County, Texas to this Court. Defendant respectfully shows the Court that this case is subject to removal based upon federal question jurisdiction and diversity jurisdiction as follows:

**I.
BACKGROUND & PROCEDURAL REQUIREMENTS**

1.     On April 30, 2019, Plaintiff Sonia Nicole Jones filed her Original Petition in the 149th Judicial District Court, Brazoria County, Texas, Cause No. 102512-CV (the "State Court Action"). (*See* Exhibit 1).[1]

2.     In her Original Petition, Plaintiff asserts claims for: (1) disability discrimination under "the Texas Commission on Human Rights Act" ("TCHRA")[2] and the Americans with

---

[1] In accordance with Local Rule 81, an index of all matters being filed is attached as Exhibit 4. True and correct copies of all process, pleadings, and orders served on Defendant in the State Court Action and a copy of the state court docket sheet, are attached hereto as Exhibit 1. A list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached hereto as Exhibit 3.

Disabilities Act ("ADA"); (2) violations of the Family Medical Leave Act ("FMLA"); (3) retaliation (presumably under the TCHRA and ADA); and (4) intentional infliction of emotional distress.

3. Walmart was served with a copy of Plaintiff's Original Petition on May 23, 2019. Under 28 U.S.C. § 1446(b), a defendant has thirty days after service of a copy of the initial pleading to file a notice of removal. Therefore, this Notice of Removal is timely filed.

4. Walmart filed its answer in State Court on June 11, 2019. (*See* Exhibit 1).

5. Title 28 U.S.C. §1441(a) provides that venue is proper in the "district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed her Original Petition in Brazoria County, Texas, which is located within the Southern District, Galveston Division. *See* 28 U.S.C. §§1441(a), 1391(b), and 124(b)(1). Thus, venue is proper in the Southern District of Texas, Galveston Division.

6. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing of Notice of Removal along with a copy of this Notice of Removal will be contemporaneously filed with the clerk of the 149th Judicial District Court, Brazoria County and served on Plaintiff. A copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as Exhibit 2.

---

[2] Texas' anti-discrimination statute is codified at Chapter 21 of the Texas Labor Code, which was entitled the "Texas Commission on Human Rights Act" until the abolishment of the Commission on Human Rights. In 2004, the 'powers and duties' of the Commission on Human Rights were transferred to the Civil Rights Division of the Texas Workforce Commission. *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 377-78 (Tex. 2004); and Tex. Labor Code Ann. 21.0015 (Vernon 2006)). Thus, the correct name of Texas' anti-discrimination statute is Chapter 21 of the Texas Labor Code. However, for the purpose of this Notice of Removal, Defendant refers to Chapter 21 of the Texas Labor Code as "TCHRA," as asserted by Plaintiff in her state-court petition.

**DEFENDANT'S NOTICE OF REMOVAL – PAGE 2**

**II.**
**GROUNDS FOR REMOVAL**

**A.      Federal Question Jurisdiction**

7.      Removal is proper because a federal question is expressly invoked by the allegations in Plaintiff's Original Petition.  Under 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  Plaintiff's Original Petition asserts claims under the "laws . . . of the United States," including the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA").[3]  Thus, this action is within the original federal question jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1331.

8.      In addition, the court has jurisdiction over Plaintiff's state law claims.  Under 28 U.S.C. § 1367(a), supplemental jurisdiction exists when the District Court has original jurisdiction over at least one of the claims, and the additional claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In this case, the court has original jurisdiction over the Plaintiff's ADA and FMLA claims.  Plaintiff's state law claims alleging disability discrimination, retaliation, and intentional infliction of emotional distress under the TCHRA and the common law are closely related to her claims under the ADA and FMLA, because they rely on the same set of core facts set out in the Original Petition.  Thus, this court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

---

[3] Also, Plaintiff asserts in the Original Petition that she is bringing suit "under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color, age, sex and disability."  (Original Petition ¶ 8.)

**DEFENDANT'S NOTICE OF REMOVAL – PAGE 3**

**B.    Diversity Jurisdiction**

9.    Alternatively, and without waiving the foregoing, this court has diversity of citizenship removal jurisdiction over Plaintiff's state-court Original Petition.  Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of civil actions that are between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  As explained below, this case satisfies the requirements of 28 U.S.C. § 1332(a)(1).

**(1)    There is complete diversity of citizenship between the parties.**

10.    According to the Original Petition, Plaintiff resides in Houston, Texas.  (Original Petition ¶ 2)  Thus, Plaintiff is a citizen of the State of Texas for purposes of 28 U.S.C. § 1332.

11.    Defendant is a citizen of Delaware and Arkansas and, consequently, the parties are diverse.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been **incorporated** and of the State . . . where it has its **principal place of business** . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added).

12.    Defendant Wal-Mart Stores Texas, LLC is a Delaware limited liability corporation, its sole member being Wal-Mart Stores East, LP.  The partners of Wal-Mart Stores East, LP are WSE Management, LLC and WSE Investment, LLC.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a public corporation (formerly Wal-Mart Stores, Inc. prior to March 1, 2018).[4]

---

[4] Although Wal-Mart Stores Texas, LLC is the proper defendant, its citizenship, for the purpose of establishing diversity of citizenship removal, is ignored. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080–81 (5th Cir. 2008).  Instead, the citizenship of the LLC's ultimate corporate or individual members determines the citizenship of the LLC for the purpose of establishing diversity of citizenship removal. *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 (5th Cir. 2009)." *See also Carden v. Arkoma Assocs*., 494 U.S. 185, 195-96 (1990) (holding that the citizenship of a partnership is determined by the citizenship of all of its partners).

13.     Walmart Inc. is incorporated under the laws of the State of Delaware and its corporate headquarters and principal place of business is in Arkansas, where its officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (setting forth the "nerve center" test for determining a corporation's principal place of business). Thus, Walmart Inc. is a citizen of Delaware and Arkansas for purposes of diversity removal jurisdiction.

**(2)      The amount in controversy exceeds $75,000.**

14.     A defendant may show that the amount in controversy exceeds $75,000 by (1) demonstrating that it is "facially apparent" that Plaintiff's claimed damages are likely greater than $75,000; or (2) "setting forth the *facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1225 (5th Cir. 1995) (emphasis in original); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

15.     Here, the Original Petition specifically states that Plaintiff is seeking "monetary relief over $200,000 but not more than $1,000,000." (Original Petition ¶ 5.a.) Thus, it is "facially apparent" that the amount in controversy exceeds the jurisdictional minimum. Indeed, the *low end* of Plaintiff's damages range significantly exceeds the $75,000 requirement.

16.     Moreover, federal courts in Texas have frequently determined that suits under similar circumstances—*i.e.* discrimination claims where plaintiff seeks damages such as back pay, emotional distress damages, attorneys' fees, and exemplary damages, (*see* Original Petition ¶¶ 26-27) —are removable even if the amount in controversy is *not* specified by the plaintiff's petition. *See Lee v. Dollar Tree Stores, Inc.*, No. CIV.A. H-07-0955, 2007 WL 1481075, at *3

(S.D. Tex. May 21, 2007) (in employment discrimination case under Chapter 21 of Texas Labor Code, finding by "a preponderance of the evidence that Plaintiff's claims for lost wages, for front pay, for attorneys' fees, and for punitive damages, establish the likelihood that the total amount in controversy in the aggregate is in excess of $75,000."); *Fuentes v. Union Pacific R.R. Co.*, No. 3:2005cv00417, 2006 WL 506048 (W.D. Tex. Feb. 14, 2006) (holding that it was facially apparent that amount in controversy exceeded $75,000 in suit for compensatory damages and attorneys' fees under Texas Labor Code Chapter 21, even though plaintiff specifically pleaded for recovery not to exceed $74,000); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916 (W.D. Tex. 2005) (holding that it was facially apparent that claim exceeded jurisdictional limits, because plaintiff sued for actual damages, compensatory damages, emotional distress, punitive damages and attorneys' fees under Texas Labor Code Chapter 21, even though petition did not state amount plaintiff sought); *Martin v. Sw. PCS, L.P.*, No. SA-03-CA-866-XR, 2003 WL 22477692, at *3–4 (W.D. Tex. Nov. 3, 2003) (holding it was facially apparent from petition that amount in controversy exceeded $75,000 where plaintiff sought past and future lost wages as damages; damages for lost benefits; nonpecuniary damages for severe emotional distress, humiliation, mental trauma and injury to plaintiff's professional and credit reputation; attorneys' fees; and punitive damages).

17.    Based on the foregoing, Walmart has established that the parties are citizens of different states and that it is facially apparent that the amount or value of Plaintiff's claims exceeds $75,000.  Accordingly, even in the absence of a federal question, removal is proper because diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

## III.
## CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant Wal-Mart Stores Texas, LLC hereby removes this action from the 149th Judicial District Court, Brazoria County, Texas, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: June 18, 2019

Respectfully submitted,

*/s/ Charles H. Wilson*

Charles H. Wilson (Attorney-in-Charge)
State Bar No. 00797678
Federal ID No. 34581
chawilson@littler.com
Leila C. Clewis, Of Counsel
State Bar No. 24077579
Federal ID No. 1872165
lclewis@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**DEFENDANT'S NOTICE OF REMOVAL – PAGE 7**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by email and certified mail, return receipt requested, on this the 18th day of June, 2019, addressed as follows:

Richard W. Howard
RAYMOND W. HOWARD PC
1303 Turtle Creek Drive
Missouri City, Texas  77489
Telephone:  281.437.5900
Facsimile:  281.416.9517
Email:  richard.howard@rwhpc-law.com

**ATTORNEY FOR PLAINTIFF**


*/s/ Charles H. Wilson*
Charles H. Wilson